IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CR-55-D-1
No. 7:22-CV-46-D

| | | |
|---|---|---|
| BRADLEY WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 21, 2022, Bradley Williams ("Williams" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 84-month sentence [D.E. 41]. On April 1, 2022, Williams moved for compassionate release [D.E. 45]. On April 20, 2022, Williams moved for leave to expand the record [D.E. 47]. On May 2, 2022, the government moved to dismiss [D.E. 49] and filed a memorandum in support [D.E. 50]. On May 24, 2022, Williams moved to stay the motion to dismiss pending the ruling on his motion to expand the record [D.E. 52]. On June 14, 2022, the government responded in opposition to Williams's motion to stay [D.E. 53]. On July 5, 2022, Williams replied [D.E. 54]. On August 4, 2022, Williams moved for leave to amend his section 2255 motion [D.E. 55] and filed an amended section 2255 motion [D.E. 56]. On August 18, 2022, the government responded in opposition [D.E. 57]. As explained below, the court grants Williams's motion for leave to expand the record, denies as futile Williams's motion for leave to amend, denies Williams's motion to stay, grants the government's motion to dismiss, dismisses Williams's section 2255 motion, and denies Williams's motion for compassionate release.

I.

On December 10, 2022, without a written plea agreement and after a thorough Rule 11 colloquy, Williams pleaded guilty to distributing a quantity of marijuana (counts one and two), possession with intent to distribute a quantity of cocaine and a quantity of marijuana (count three), and possession of a firearm in furtherance of a drug trafficking offense (count four). See Rule 11 Tr. [D.E. 46] 2–30; Presentence Investigative Report ("PSR") [D.E. 33]. On March 15, 2021, the court held Williams's sentencing hearing, adopted the facts as stated in the PSR, overruled William's objection, and found Williams's total offense level to be 15, his criminal history category to be III, and his advisory guideline range to be 24 to 30 months' imprisonment on counts one, two, and three and 5 years' consecutive imprisonment on count four. See [D.E. 37]; [D.E. 38] 1; Sent. Tr. [D.E. 58] 2–9. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Williams to 24 months' concurrent imprisonment on counts one, two, and three and 60 months' consecutive imprisonment on count four, for a total of 84 months' imprisonment. See Sent. Tr. at 15–20. Williams did not appeal.

II.

In Williams's section 2255 motion, Williams argues that (1) his counsel was ineffective by advising him to plead guilty to criminal offenses that arose from conduct that he thought would be resolved in state court; (2) his counsel was ineffective by failing to advise him of the nature of the offenses to which he pleaded guilty; and (3) his plea was not knowing because he did not understand the nature of the charges to which he pleaded guilty. See [D.E. 41]. Williams also seeks leave to amend his section 2255 motion to raise a challenge to his conviction under Ruan v. United States, 142 S. Ct. 2370 (2022). See [D.E. 56].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency.

2

See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

## A.

Williams seeks leave to amend his section 2255 motion to add a claim under Ruan. See [D.E. 56] 9–13. According to Williams, in Ruan the Court altered the scienter requirement for 21 U.S.C § 841(a)(1) to require the government to prove that a defendant knowingly and intentionally violated the statute. See id. at 9.

A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P.

3

15(a)(2).  Although "[t]he court should freely give leave when justice so requires," the court need not grant a plaintiff leave to amend when "the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

Section 2255(f) contains a one-year statute of limitations.  Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005).

The court entered judgment on March 19, 2021.  See [D.E. 37].  Williams did not appeal, and Williams's conviction became final at the latest on April 2, 2021. See 28 U.S.C. § 2255(f); Clay v. United States, 537 U.S. 522, 527 (2003); United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001); cf. Hannigan v. United States, 131 F. Supp. 3d 480, 484 n.1 (E.D.N.C. 2015), appeal dismissed, 638 F. App'x 234 (4th Cir. 2016) (per curiam) (unpublished).  Thus, Williams had until April 2, 2022, to file a timely section 2255 motion, and his original section 2255 motion was timely.

Williams filed his motion for leave to amend on August 4, 2022 [D.E. 55].  Williams's Ruan claim is untimely unless he can show that his claim relates back to his original pleading.  See Mayle v. Felix, 545 U.S. 644, 650, 659–64 (2005); Gray v. Branker, 529 F.3d 220, 241 (4th Cir. 2008); United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000); Brizuela v. Clarke, 112 F. Supp. 3d 366,

4

380–81 (E.D. Va. 2015), appeal dismissed, 633 F. App'x 178 (4th Cir. 2016) (per curiam) (unpublished); Fed. R. Civ. P. 15(c).

Relation back is allowed when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Williams has not met this standard. See, e.g., Mayle, 545 U.S. at 659–64. In his first section 2255 motion, Williams alleged ineffective assistance of counsel. See [D.E. 41]. Williams's proposed new claim does not relate back to his ineffective assistance of counsel claim and alleges a separate claim under Ruan. Compare id. with [D.E. 55]. Therefore, Williams's Ruan claim is untimely.

Alternatively, Williams procedurally defaulted his Ruan claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Williams from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Williams has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999).

Alternatively, Williams has not demonstrated that Ruan applies retroactively. See In re Blanc, No. 22-12527-F, 2022 LEXIS 24640, *1–5 (11th Cir. Aug. 31, 2022) (unpublished); Brizuela v. United States, No. 1:22CV2, 2022 WL 4369977, *5–6 (N.D. W.Va. Sept. 21, 2022) (unpublished). Moreover, and in any event, Williams's Ruan claim fails to state a claim upon which relief can be granted. Williams misinterprets the holding in Ruan. In Ruan, the Court did not

5

introduce a new scienter standard for all prosecutions under 21 U.S.C. § 841. See Ruan, 142 S. Ct. at 2382. Instead, the change in scienter requirement applies only to "the state of mind that the Government must prove to convict" a doctor of violating 21 U.S.C. § 841, and the Court held that "[a]fter a [doctor] defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." Id. at 2375. Williams is not a doctor, and he was not using a perscription pad while dealing drugs. Thus, Williams does not state a plausible claim for relief under Ruan. Accordingly, the court denies William's motion for leave to amend his section 2255 motion to add a Ruan claim.

## B.

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–96 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong

6

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing "that there is a reasonable probability that," but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1965. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

As for Williams's allegation that his counsel was ineffective by advising him to plead guilty to criminal offenses that arose from conduct that he thought would be resolved in state court, the court rejects Williams's argument. North Carolina and the United States are separate sovereigns, and each can separately prosecute individuals for the same offense conduct if the conduct violates both state and federal laws. Gamble v. United States, 139 S. Ct. 1960, 1964–67 (2019); Rinaldi v. United States, 434 U.S. 22, 28 (1977). North Carolina charged Williams with violating N.C. Gen. Stat. §§ 14 and 90, [D.E. 33] ¶¶ 26–28, and the United States charged him with violating 21 U.S.C. §§ 841(a)(1) and (b)(1) and 18 U.S.C. § 924(c), [D.E. 1]. If Williams's counsel had objected to the federal prosecution based on the state prosectuion, the objection would have failed. See Gamble, 139 S. Ct. at 1964–67; United States v. Harris, No. 3:13CR116, 2018 WL 3614968, at* 8 (E.D. Va. July 27, 2018) (unpublished). The Sixth Amendment does not require a lawyer to make all non-frivolous objections, much less baseless objections. See Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009). Thus, Williams has not plausibly alleged deficient performance, and the court rejects his ineffective assistance of counsel claim. See Strickland, 466 U.S. at 686–96.

As for Williams's allegations that his plea was not knowing because he did not understand the nature of the charges to which he pleaded guilty and that his counsel was ineffective by failing to advise him of the nature of the offenses to which he pleaded guilty, Williams's sworn statements during his Rule 11 proceeding contradict this claim. See Rule 11 Tr. [D.E. 46] 2–30. And Williams's sworn statements bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); Lemaster, 403 F.3d at 221–23. At his Rule 11 hearing, while under oath, Williams affirmed that he was fully satisfied with counsel's services. See Rule 11 Tr. at 14–23. Williams also affirmed that he understood the rights he would give up if he pleaded guilty, the charges, the potential penalties, and the sentencing process, including that the court could sentence him to the maximum sentence allowed by law on each count. See id. at 20–22. Williams acknowledged that he was charged with felony offenses and that if the court accepted his guilty plea he could lose valuable civil rights. See id. at 14–28. Williams also acknowledged that no one had threatened him or anyone else or forced him in any way to plead guilty. See id. at 23. And Williams affirmed that counsel discussed Williams's options with him before he entered his guilty plea. See id. at 12, 19, 21. Moreover, Williams affirmed that he was, in fact, guilty of counts one, two, three, and four. See id. at 27–28; cf. Strickland, 466 U.S. at 691 ("Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant."). Accordingly, counsel adequately advised Williams before his guilty plea, Williams's guilty plea was knowing and voluntary, and the court accepted Williams's plea with a proper factual basis. Thus, Williams's claim fails. See Strickland, 466 U.S. at 687–96.

After reviewing the claims presented in Williams's motion, the court finds that reasonable jurists would not find the court's treatment of Williams's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a

8

certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

III.

In Williams's motion to modify his sentence, Williams argues that he should receive a modified sentence due to the threat of COVID-19, the condition of prisons, and his medical conditions (scarred and damage lung tissue in his right lung (pulmonary fibrosis)). See [D.E. 45]. The court construes Williams's motion to modify his sentence as a motion for compassionate release. Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

9

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or

10

Case 7:20-cr-00055-D   Document 59   Filed 11/14/22   Page 10 of 16

(D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

On December 17, 2021, Williams applied to his warden for compassionate release. See [D.E. 45-1] 1–2. On December 30, 2021, the warden denied Williams's request. See id. at 2. Williams has satisfied the exhaustion requirement, and the court addresses Williams's motion on the merits. Cf. Muhammad, 16 F.4th at 130.

Williams seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, the condition in prisons, and his medical conditions (scarred and damaged lung tissue in his right lung (pulmonary fibrosis)). See [D.E. 45]. As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Williams has pulmonary fibrosis in his right lung from an automobile accident in 2011. See [D.E. 45] 2; [D.E. 45-1] 3–4. Williams's medical conditions are under control, and no evidence suggests that his pulmonary fibrosis diminishes Williams's ability to provide self-care. See [D.E. 45-1] 3–4.

Williams argues that his medical conditions put him at a heightened risk of serious infection from COVID-19. See [D.E. 66] 7–10. Williams did not include any medical records stating whether Williams received a COVID-19 vaccine, but Williams's letter to the warden requesting compassionate release suggests that Williams is vaccinated. See [D.E. 45-1] 1. Regardless, the vaccine would and does provide protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not

11

rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). Williams has not disclosed to the court any religious or medical reason why he cannot receive or benefit from a COVID-19 vaccine. See Lemons, 15 F.4th at 751 (noting that "if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by" granting compassionate release); United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (explaining that the defendant's failure to be vaccinated was not an extraordinary and compelling reason justifying compassionate release because he "has never contended that he is medically unable to receive or benefit from the available vaccines"). "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." Broadfield, 5 F.4th at 803; see

12

also United States v. Thomas, No. 21-1645, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) (unpublished); United States v. Kennedy, No. 21-2675, 2022 WL 43187, at *2 (6th Cir. Jan. 5, 2022) (unpublished); Lemons, 15 F.4th at 751 ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."); Hald, 8 F.4th at 936 n.2 (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release); Baeza-Vargas, 532 F. Supp. 3d at 843–44 (collecting cases that ruled "that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances"); United States v. McBride, No. 5:19-CR-7, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) (noting that even if the defendant's medical condition qualified as an extraordinary and compelling reason for granting compassionate release, "it does not qualify as such in this instance. Defendant rejected the COVID-19 vaccine. . . . Defendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison."); cf. United States v. Osman, No. 21-7150, 2022 WL 485183, at *1 n.2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished).

Additionally, the wide availability of COVID-19 vaccines greatly diminishes the risk to Williams from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. And the availability of COVID-19 vaccines allows Williams to reduce his risk should he so choose if he has refused the vaccine. See Thomas, 2022 WL 296594, at *2; Kennedy, 2022 WL 43187, at *2; Broadfield, 5 F.4th at 803. Therefore, reducing William's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

13

As for Williams's concerns about the conditions in prison, arguments based on generalizations about the spread of COVID-19 in prison have considerably less force given the wide availability of COVID-19 vaccines, the current medical conditions at FCI Petersburg Low where Williams is incarcerated,[1] and BOP's extensive efforts to control and contain COVID-19. See Bureau of Prisons, BOP's COVID-19 Response, https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response (last visited Nov. 10, 2022); cf. High, 997 F.3d at 186–87.

As for the "family circumstances" policy statement, it does not apply to a desire to care for family members, such as Williams's aunt who has heart disease, or to the situation involving Williams's children. See U.S.S.G. § 1B1.13 cmt. n.1; see also [D.E. 45-1] 1. Nonetheless, the court considers Williams's desire to help care for his children and aunt under the "other reasons" policy statement and assumes without deciding that it is an extraordinary and compelling reason.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, the condition in Williams's prison, Williams's medical conditions, the length of his sentence, and his time served constitute an extraordinary and compelling reason under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Williams's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Williams is 35 years old and is incarcerated for distributing a quantity of marijuana (counts one and two), possession with intent to distribute a quantity of cocaine and a quantity of marijuana

---

[1] As of November 10, 2022, FCI Petersburg Low has reported no current inmate or staff positives. See https://www.bop.gov/coronavirus (last visited Nov. 10, 2022).

14

(count three), and possession of a firearm in furtherance of a drug trafficking offense (count four). See PSR ¶¶ 1–10. In this case, Williams distributed 178.157 grams of marijuana, 27.47 grams of cocaine, and 5.39 grams of cocaine base, which produce a total converted drug weight of 24.91 kilograms. See id. at ¶¶ 8–10. Before Williams's federal conviction, Williams accumulated numerous state court convictions dating back fourteen years, including convictions for possession with intent to sell or deliver cocaine, possession with intent to sell or deliver marijuana, carrying a concealed weapon, and delivering cocaine. See id. ¶¶ 15–19. Williams has never held a steady job, and before 2015, his family or girlfriend financially supported him. See id. ¶¶ 37–46. Williams provides no evidence of positive efforts or infractions while federally incarcerated.

The court must balance Williams's serious criminal conduct, his criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; United States v. Roane, ___ F.4th ___, ___, Nos. 20-14 & 20-16, 2022 WL 10217083, at *8–9 (4th Cir. Oct. 18, 2022); High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered the COVID-19 pandemic, the condition in prison, Williams's medical conditions, the length of his sentence, and his time served. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Williams's arguments, the government's persuasive response, the need to punish Williams for his serious criminal behavior, to incapacitate Williams, to promote respect for the law, to deter others, and to protect society, the court denies Williams's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Roane, ___ F.4th at ___, 2022 WL 10217083, at * 8–9; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir.

15

2020); <u>United States v. Hill</u>, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), <u>aff'd</u>, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

IV.

In sum, the court GRANTS petitioner's motion for leave to expand the record [D.E. 47], DENIES petitioner's motion for leave to amend [D.E. 55], DENIES petitioner's motion to stay [D.E. 52], GRANTS respondent's motion to dismiss [D.E. 49], DISMISSES petitioner's section 2255 motion [D.E. 41], DENIES petitioner's motion for compassionate release [D.E. 45], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 11 day of November, 2022.

JAMES C. DEVER III
United States District Judge

16